*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAID SAFDAR,

        Plaintiff-Appellee,

v

DONYA AZIZ,

        Defendant-Appellant.

FOR PUBLICATION
March 7, 2019

No. 344030
Oakland Circuit Court
LC No. 2016-839363-DM

Before: MURRAY, C.J., and SHAPIRO and RIORDAN, JJ.

SHAPIRO, J. (*concurring*).

I agree with the majority's conclusion that in adopting MCL 722.27a(10) the Legislature intended to ensure that parenting time would not be conducted in countries in which a Michigan court's custody determination may not be enforced. Accordingly, I concur.

I disagree with the majority's view, however, that this issue can be resolved by resort to the "plain language" of the statute. To the contrary, if this case had to be decided solely on the bare words of the statute, I would conclude that it mandates the opposite result. However, the intent of the Legislature is clear regardless of any imperfections in the text of the statute.

The text states that parenting-time orders shall bar the exercise of parenting time "in a country that is not a party to the Hague Convention on the Civil Aspects of International Child Abduction." MCL 722.27a(10). The majority goes on to analyze the meaning of "party" and concludes that "party to the Hague Convention" really means a "party to the Hague Convention whose accession the United States accepts." However, the statute does not say that the country must be a party to a treaty with the United States; nor does it refer to parties to the Convention whose accession has been accepted by the United States. The word "party" is modified only by the phrase that follows it, i.e., "to the Hague Convention." Thus, the statute's plain language allows relocation to Pakistan if Pakistan is a "party to the Hague Convention," which it surely is. Pakistan acceded to the Convention, becoming a party to it, several years ago. In sum, while it is true that the United States has not accepted Pakistan as a treaty partner, the statute does not refer to a requirement that the United States accept Pakistan's ascension nor to some relationship

between the United States and Pakistan arising out of the treaty.[1]  The words of the statute have but one requirement, that Pakistan become a party to the Hague Convention.[2]

I respectfully suggest that the Legislature's intent (which is ultimately what controls) is clear even if the language of the statute is imperfect.  The Legislature's intent was to prevent the possibility that a child could be relocated to a country that is not required to enforce an order concerning custody issued by a court in the United States.  No one, including plaintiff, has ventured to articulate why the Legislature would pass a law that would allow children to be relocated to countries that have ratified the Hague Convention but are not yet bound to adhere to its requirements vis-à-vis the United States.

The words used by the Legislature in the statute are not clear, or at minimum, do not fully accomplish its purpose.  Rather than trying to get the words to mean something other than they do, I would conclude that it is proper here to discern the meaning of the statute by considering its clear purpose.

/s/ Douglas B. Shapiro

---

[1] The majority cites *Elahham v Al-Jabban*, 319 Mich App 112; 899 NW2d 768 (2017), suggesting that it provides support for the view that until the United States accepts Pakistan's ascension Pakistan is not a party to the Convention.  However, *Elahham* involved wholly different circumstances.  In that case, the country in question was Egypt, a country that, unlike Pakistan, had neither signed nor acceded to the Convention, i.e., it was *not* "a party to the Hague Convention."

[2] Diverging from its plain-language approach, the majority essentially revises the statutory language on page 8 of its opinion, noting that its task is to "determin[e] whether Pakistan is a party to the Convention *with the United States* . . . ."  (Emphasis added).